UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.:

GUIDO GONZALEZ,                              )
                                             )
        Plaintiff,                           )
                                             )
v.                                           )
                                             )
SYMMETRY MANAGEMENT CORP.                    )
d/b/a BCC Financial Management Services,     )
Inc. and EMIL "SKIP" SPERANZA JR,            )
                                             )
        Defendants.                          )
                                             )
                                             )
_____   )

## VERIFIED COMPLAINT

Plaintiff GUIDO GONZALEZ ("Plaintiff") sues Defendants SYMMETRY MANAGEMENT CORP. d/b/a BCC Financial Management Services, Inc. and EMIL "SKIP" SPERANZA JR (collectively, "Defendants") and in support alleges as follows:

## NATURE OF ACTION

This action arises out of Plaintiff's employment relationship with Defendants, including his discrimination and harassment in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"); Title VII of the Civil Rights Act, 42 USC § 2000e *et seq.*; 42 USC § 1981; and the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq.* ("FCRA").

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action under 42 U.S.C. § 12101 *et seq.*, 42 U.S.C. § 2000e-5(f), 29 U.S.C. § 2601 *et seq.*, 42 USC § 1981 and 28 U.S.C. §§ 1331, 1343(3) and (4) and 1367 (a).

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

2

2.      Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391, because Defendants reside in this district, having their principal place of business within this district; also, because Defendants are subject to the Court's personal jurisdiction with respect to the civil action at bar and because all or a substantial part of the events or omissions giving rise to this cause of action took place in this judicial district.

3.      Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution. In particular, Plaintiff is bringing claims under the FCRA.

**PARTIES**

4.      At all times material, Plaintiff was a resident of Miami-Dade County, Florida.

5.      At all times material, Plaintiff was an "employee" as defined by 42 U.S.C. § 2000e(f) and 42 U.S.C. § 12111(4), and a "qualified individual" as defined by 42 U.S.C. § 12111(8).

6.      At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

7.      Defendant SYMMETRY MANAGEMENT CORP. d/b/a BCC Financial Management Services, Inc. ("BCC") is headquartered in Fort Lauderdale, Florida. Symmetry is incorporated and its main business is the management of accounts receivable (i.e. revenue recovery, bills collection) for the healthcare industry.  Defendant EMIL "SKIP" SPERANZA JR. ("Speranza") is a natural person and president of BCC.

8.      At all times material, BCC was a "person" and an "employer" as defined by 42 U.S.C. § 2000e (a) and (b); 42 U.S.C. § 12111(5); and Fla. Stat. § 760.02(7). BCC employed fifteen or more employees for the applicable statutory period and it is subject to the employment discrimination provisions of the applicable statute, Title VII, ADA, the FCRA.

## PROCEDURAL REQUIREMENTS

9.      Plaintiff has complied with all conditions precedent in filing this action, to wit:

   a.  Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Miami District Office, for disability-related discrimination and retaliation and for discrimination and harassment on account of national origin.

   b.  Plaintiff received a Right to Sue Notice from the EEOC on May 31, 2018.

   c.  More than 180 days have transpired since Plaintiff filed his charge of discrimination.

10.     Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS

11.     Plaintiff is of Cuban origin/nationality. Also, Plaintiff is a member of the Cuban race. He began working for BCC on or about August 10, 2015.

12.     Plaintiff's position with BCC was Director of the Social Services Division. Plaintiff's job was targeted at enabling BCC to work directly with low-income patients to determine if they qualified for Medicaid programs and to assist them in securing aid.

13.     Likewise, Plaintiff's department was going to advise those who qualified for enrollment in a particular program, assisting them with the enrollment process through a Managed

Care Organization ("MCO") as well as helping the individual through the annual recertification process to ensure continued eligibility.

14.     Before starting working for BCC, Plaintiff had a pre-existing condition of heart disease that made him a qualified individual with a disability. Defendants were aware of Plaintiff's heart condition.

15.     Throughout his employment with BCC, Plaintiff was constantly verbally harassed by his immediate supervisor named Sammy Aboud, who made derogatory remarks about Plaintiff, stating: "You Cubans don't do anything the right way," or words to that effect. These racial slurs and verbal attacks were of a constant nature. These discriminatory remarks created a hostile work environment for Plaintiff.  Plaintiff complained to his employer BCC and Speranza about these racially charged slurs made by Aboud, to no avail.

16.     As an executive in a directorship position, Plaintiff earned $2,884.61 biweekly, or $5,769.22 monthly, which equaled to $69,230.64 annually.

17.     As a director, Plaintiff was entitled to have his health insurance paid in full by his employer.

18.     In mid-July 2016, Plaintiff was diagnosed with diabetes mellitus type 2, a disability. Plaintiff notified BCC and Speranza personally of his diagnosis and concomitant disability and requested changes in his schedule to accommodate his disability. Plaintiff brought his lab results, showing his diabetes diagnosis, to Defendants. Concurrently, Plaintiff requested and selected a higher health insurance coverage (HMO) paid one hundred percent by BCC, to which he was entitled on account of his executive position, also as a reasonable accommodation due to his health conditions. Upon taking a look at them, the Comptroller of BCC, Steve Gibell, stated: "Skip is not going to like this, this insurance will be more expensive and you are not producing (selling)

5

enough." Plaintiff's job was not in sales. Shortly thereafter, on July 29, 2016, instead of granting Plaintiff the reasonable accommodations he requested, Defendant terminated Plaintiff.

19.     Before being terminated, Plaintiff never received any reprimand or warning, either written or verbal, from Defendants indicating that they were unsatisfied with Plaintiff's job performance.

20.     The actions of Defendants have caused Plaintiff severe mental anguish. On account of losing his employment and sole source of income, Plaintiff has become homeless and his van was repossessed. Plaintiff has also lost his medical insurance coverage with Humana for him and for his four (4) dependents at a time when he needed it most.

### COUNT I: VIOLATION OF THE TITLE I OF THE ADA BY DEFENDANT – DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE (AGAINST BCC)

21.     Plaintiff repeats and re-alleges paragraphs 1-20 as if fully stated herein.

22.     At all times material to this action, Defendant BCC engaged in unlawful discrimination against Plaintiff when it failed to accommodate and terminated Plaintiff. Because of Plaintiff's disability, and/or perceived disability Defendant discriminated against him in violation of the ADA.

23.     Plaintiff's heart disease and diabetes condition qualify as disabilities within the meaning of the ADA.  The accommodations requested by Plaintiff were reasonable.

24.     At all times material, Plaintiff was qualified to perform the essential functions of his job with or without reasonable accommodation.

25.     At all times material, Defendant was aware of Plaintiff's disability conditions.

26.     As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against BCC as follows:

A.  Enter judgment in Plaintiff's favor and against BCC for its violations of the ADA;

B.  Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

C.  Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D.  Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under the ADA;

E.  Award Plaintiff prejudgment interest on his damages award;

F.  Award Plaintiff reasonable costs and attorneys' fees; and

G.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT II: VIOLATION OF THE FCRA BY DEFENDANT – DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE (AGAINST BCC)

27.  Plaintiff repeats and re-alleges paragraphs 1-26 as if fully stated herein.

28.  Plaintiff was discriminated, not accommodated and terminated because of his disability and/or Defendant's perception of such disability in violation of the FCRA, and because

of such actions by Defendant, Plaintiff has suffered both irreparable injury and compensable damages unless and until this Court grants relief.

29.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

30.     Non-disabled employees were not terminated, and Plaintiff was terminated on the basis of his disability.

31.     Defendant thereby discriminated against Plaintiff in the terms, conditions and benefits of his employment in violation of the FCRA.

32.     As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against BCC as follows:

A. Enter judgment in Plaintiff's favor and against BCC for its violations of the FCRA;

B. Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

C. Award Plaintiff compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by BCC's intentional discrimination, according to proof;

D. Award punitive damages, according to proof;

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800         Telephone: 305.503.5131
Aventura, Florida 33180                 Facsimile: 888.270.5549

8

    E.  Award Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by the FCRA; and

    F.  Grant such other and further relief, as the Court deems just and proper.

## COUNT III: VIOLATION OF TITLE VII – NATIONAL ORIGIN DISCRIMINATION, HOSTILE WORK ENVIRONMENT (AGAINST BCC)

33.    Plaintiff repeats and re-alleges paragraphs 1-20 as if fully stated herein.

34.    Plaintiff was harassed, discriminated in the terms, conditions, or privileges of employment and was discharged from his employment. Plaintiff's Cuban national origin was a motive to discriminate against him in violation of Title VII of the Civil Rights Act, 42 USC § 2000e-2, which makes said discrimination and termination an unlawful employment practice. Plaintiff's national origin was a motivating factor in the decision to discharge him from employment.

35.    As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against BCC as follows:

    A.  Enter judgment in Plaintiff's favor and against BCC for its violations of Title VII of the Civil Rights Act;

    B.  Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

C.   Award Plaintiff compensatory damages under Title VII of the Civil Rights Act for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D.   Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under Title VII of the Civil Rights Act;

E.   Award Plaintiff prejudgment interest on his damages award;

F.   Award Plaintiff reasonable costs and attorneys' fees; and

G.   Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT IV: VIOLATION OF THE FCRA BY DEFENDANT – NATIONAL ORIGIN DISCRIMINATION, HOSTILE WORK ENVIRONMENT (AGAINST BCC)

36.   Plaintiff repeats and re-alleges paragraphs 1-20, 33-35 as if fully stated herein.

37.   Plaintiff was discriminated, harassed and terminated because of his Cuban national origin in violation of the FCRA, and because of such actions by Defendant, Plaintiff has suffered both irreparable injury and compensable damages unless and until this Court grants relief.

38.   The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

39.   Plaintiff was terminated on the basis of his national origin.

40.   Defendant thereby discriminated against Plaintiff in the terms, conditions and benefits of his employment in violation of the FCRA.

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

41.     As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgment against BCC as follows:

A.  Enter judgment in Plaintiff's favor and against BCC for its violations of the FCRA;

B.  Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

C.  Award compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by BCC's intentional discrimination, according to proof;

D.  Award punitive damages, according to proof;

E.  Award Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by the FCRA; and

F.  Such other and further relief as the Court deems just and proper.

## COUNT V: VIOLATION OF ADA TITLE V – DISABILITY RETALIATION (AGAINST BCC)

42.     Plaintiff repeats and re-alleges paragraphs 1-20, 21-26 as if fully stated herein.

43.  At all times material, Defendant was aware of Plaintiff's disability conditions.

44.  At all times material to this action, Defendant engaged in unlawful retaliation against Plaintiff on account of his disability, and/or perceived disability in violation of the ADA.

11

Defendant retaliated against Plaintiff discharging him because of his request for a higher health insurance coverage (HMO) paid one hundred percent by Defendant BCC and for requesting changes to his work schedule petitioned as accommodations for his disability conditions.

45. Defendant's termination of Plaintiff was in retaliation for his protected activity under the ADA, namely asking for a reasonable accommodation in the form of changes in his schedule and to have higher health insurance coverage (HMO) paid one hundred percent by defendant BCC to accommodate his disabilities.

46.  Defendant willfully violated Title V of the ADA or acted with reckless disregard for whether their actions were prohibited.

47. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff, demands judgment against Defendant, as follows:

    A. Enter judgment in Plaintiff's favor and against BCC for its violations of Title V of the ADA;

    B. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

    C. Award Plaintiff compensatory damages under Title V of the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

D.  Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under Title V of the ADA;

E.  Award Plaintiff prejudgment interest on his damages award;

F.  Award Plaintiff reasonable costs and attorney's fees; and

G.  Grant Plaintiff such other and further relief, as this court deems equitable and just.

## COUNT VI: VIOLATION OF THE FCRA BY DEFENDANT – DISABILITY RETALIATION (AGAINST BCC)

48.  Plaintiff repeats and re-alleges paragraphs 1-20, 27-32 as if fully stated herein.

49.  At all times material, Defendant was aware of Plaintiff's disability conditions.

50.  At all times material to this action, Defendant engaged in unlawful retaliation against Plaintiff on account of his disability, and/or perceived disability in violation of the FCRA. Defendant retaliated against Plaintiff discharging him because of his request for a higher health insurance coverage (HMO) totally paid by defendant BCC, and changes in his schedule requested as accommodations for his disability conditions.

51.  Defendant's termination of Plaintiff was motivated by an intent to retaliate against Plaintiff for his protected activity under the FCRA.

52.  Defendant willfully violated the FCRA or acted with reckless disregard for whether its actions were prohibited.

53. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is

being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff, demands judgment against Defendant BCC, as follows:

    A. Enter judgment in Plaintiff's favor and against BCC for its violations of antiretaliatory provisions of the FCRA;

    B. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

    C. Compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by defendant's intentional retaliatory actions, according to proof;

    D. Punitive damages, according to proof;

    E. Awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by FCRA; and

    F. Such other and further relief as the court deems just and proper.

## COUNT VII: VIOLATION OF TITLE VII NATIONAL ORIGIN RETALIATION (AGAINST BCC)

54. Plaintiff repeats and re-alleges paragraphs 1-20, 33-35 as if fully stated herein.

55. Plaintiff complained to defendant BCC and to defendant's president, Skip Speranza, about the racially charged slurs made by Aboud against him on account of his Cuban nationality/origin.

56.   Plaintiff was retaliated against for complaining about Aboud's racially charged remarks addressed towards him on account of his Cuban nationality/origin.  But for Plaintiff's complaints to defendant BCC and defendant Speranza about Aboud's derogatory remarks about

14

Cubans and about Plaintiff as a member of that nationality, Plaintiff would not have been dismissed from his employment.

57. As a direct and proximate result of the intentional retaliatory violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff, demands judgment against BCC, as follows:

A. Enter judgment in Plaintiff's favor and against the Defendant for its violations of the antiretaliatory provisions of Title VII, 42 USC § 2000e–3(a),

B. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

C. Award Plaintiff compensatory damages under the antiretaliatory provisions of Title VII, 42 USC § 2000e–3(a), for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

D. Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under the antiretaliatory provisions of Title VII;

E. Award Plaintiff prejudgment interest on his damages award;

F. Award Plaintiff reasonable costs and attorney's fees; and

G. Grant Plaintiff such other and further relief, as this court deems equitable and just.

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

15

## COUNT VIII: VIOLATION OF FCRA NATIONAL ORIGIN RETALIATION (AGAINST BCC)

58. Plaintiff repeats and re-alleges paragraphs 1-20, 36-41 as if fully stated herein.

59. Defendant's termination of Plaintiff was because of his complaining about Aboud's derogatory remarks about Cubans.

60. Defendant retaliated against Plaintiff in violation of the FCRA.

61. The unlawful employment practices complained of herein and the actions of Defendant and its agents were and are willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

62. Because of such actions by Defendant, Plaintiff has suffered both irreparable injury and compensable damage unless and until this court grants relief.

63. As a direct and proximate result of the intentional retaliatory violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendants' conduct.

**WHEREFORE**, Plaintiff, demands judgment against BCC, as follows:

A. Enter judgment in Plaintiff's favor and against the Defendant for its violations of antiretaliatory provisions of the FCRA;

B. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

C. Compensatory damages for past, present, and future mental anguish, pain and

suffering, and humiliation caused by defendant's intentional retaliatory actions,

according to proof;

D. Punitive damages, according to proof;

E. Awarding Plaintiff the costs of this action together with reasonable attorney's

fees, as provided by FCRA; and

F. Such other and further relief as the court deems just and proper.

### COUNT IX: RACE DISCRIMINATION UNDER 42 USC §1981 (AGAINST BCC AND SPERANZA)

64.  Plaintiff repeats and re-alleges paragraphs 1-20 as if fully stated herein.

65. Plaintiff was discriminated in the terms, conditions, or privileges of employment and was discharged from his employment. The discrimination, hostile work environment and retaliation Plaintiff suffered at the hands of Defendants were caused by and motivated by his Cuban race or ethnicity.

66. The unlawful employment practices complained of herein and the actions of Defendants and its agents were and are willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

67. Because of such actions by Defendants, Plaintiff has suffered both irreparable injury and compensable damage unless and until this court grants relief.

68. As a direct and proximate result of the intentional retaliatory violations by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has

been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendants' conduct.

**WHEREFORE**, Plaintiff, demands judgment against Defendants, as follows:

A. Enter judgment in Plaintiff's favor and against the Defendants for their violations of 42 USC §1981 of the Civil Rights Act;

B. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

C. Award Plaintiff compensatory damages under 42 USC §1981 of the Civil Rights Act for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

D. Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under 42 USC §1981 of the Civil Rights Act;

E. Award Plaintiff prejudgment interest on his damages award;

F. Award Plaintiff reasonable costs and attorney's fees; and

G. Grant Plaintiff such other and further relief, as this court deems equitable and just.

### **JURY TRIAL DEMAND**

Plaintiff requests a trial by jury on all issues so triable.

_____
Guido Gonzalez, Plaintiff

8-14-18
_____
Date

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                        Facsimile: 888.270.5549

STATE OF FLORIDA   )
          )S.S.
COUNTY OF MIAMI-DADE)

Before me, the undersigned authority personally appeared, <u>Guido Gonzalez</u>  who being first duly sworn, upon oath declares and says that he has read the above and foregoing and the maters contained therein are true and correct to the best of his personal knowledge, and who is (✓) personally known or ( ) has produced _____ as identification and who did take an oath.

Signed this 14 day of August, 2018.

> **MAIKEL MARANTE**
> MY COMMISSION # GG111776
> EXPIRES June 05, 2021

_____
NOTARY PUBLIC

My Commission Expires: _____


Respectfully submitted,

**s/ R. Martin Saenz**
R. Martin Saenz (FBN: 0640166)
E-mail: msaenz@saenzanderson.com

**s/ Yadhira Ramírez-Toro**
Yadhira Ramírez-Toro (FBN: 120506)
E-mail: yramirez@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800    Telephone: 305.503.5131
Aventura, Florida 33180      Facsimile: 888.270.5549

19

## CERTIFICATE OF SERVICE

I hereby certify that on August 16 , 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ **R. Martin Saenz**


s/ **Yadhira Ramírez-Toro**

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                        Facsimile: 888.270.5549